26 301
65h 235

## BLAKE *vs.* THE CITY OF BROOKLYN.

It is not every wrongful or even unconstitutional act of individuals, and still less of public bodies and municipal corporations, which will entitle the injured party to an injunction.

The plaintiff was the owner of certain lots of land in the city of Brooklyn, worth not over $100 each, and unsalable. The city passed an ordinance requiring these lots to be filled up to within four feet of the street grade, for a distance of 30 feet from the line of the street, in order to support the sidewalks. The plaintiff's lots were taxed $92 each, for filling and grading the street. The street ran past the lots and terminated in a *cul de sac,* at a hill 15 feet high, and the east bounds of the city. *Held* that in the absence of any allegation that the injury occasioned by the filling up of the lots would be irreparable, or that such filling up would cause any damage or injury whatever, to the lots, an injunction to forbid the filling would not lie.

*Held also,* that an injunction to restrain the collection of an assessment not yet laid, for the expense of such filling, ought not to be granted; it being well settled that a bill in equity and an injunction are not the proper means to review or correct such proceedings of a municipal corporation, unless they are productive of peculiar or irreparable injury, or must lead to a multiplicity of suits.

The party must be left to his common law remedies, in such a case.

APPEAL from an order made at a special term, denying a motion for an injunction, and discharging an order for a temporary injunction.

*Thompson & Kellogg,* for the appellants.

*S. E. Johnson* and *H. Hagner,* for the respondents.

*By the Court,* EMOTT, J.　The complaint in this action seems to have been framed to restrain the proceedings of the defendants in filling up a portion of the plaintiff's lots, and to vacate the assessment laid for the expense of this filling, as an improper exercise of authority or discretion; although in the argument before us the chief stress was laid upon the unconstitutionality of the ordinance complained of, or the law under which it was made.　In any aspect of the question, however, I am quite clear that no case is disclosed upon these papers which demands or justifies the interposition of a court of equity, by injunction.　It is not every wrongful or even unconstitutional act of individuals, and still less of public bodies, and municipal corporations, which entitles the injured party to an injunction.

The case is briefly this, on the plaintiff's own showing. He is the owner of certain lots of land on Twentieth street in the city of Brooklyn, worth, he says, not over $100 each, and unsalable at that, and which have been recently taxed $92 each for filling and grading the street.　The street runs past these lots and terminates in a *cul de sac,* at a hill and the east bounds of the city, reaching no other road.　The defendants have passed an ordinance pursuant to their charter, requiring these lots, with others adjoining, to be filled up to within four feet of the street grade, for a distance of 30 feet from the line of the street, in order, as they say, to support the sidewalks.　This filling is to be done at the expense of the owners, the plaintiff and others.　It may be inferred from the complaint, although it is not distinctly averred, that

a contract was made by the defendants for filling in these lots according to the ordinance, and that by this contract the expense to the plaintiff would be $62 for each lot. But it is stated that no work was done on the plaintiff's lots under the contract, and that it has expired. Then it is said some negotiations took place which resulted in a compromise, which the plaintiff supposed was binding and would be regarded by the defendants, and under this arrangement he proceeded to fill in his lots, to the required height, for ten feet back from the street line, as I understand him. But now the defendants refuse to ratify this arrangement, and insist on subjecting the plaintiff to the unnecessary expense of filling the lots " according to the ordinance." The complaint then charges that the whole of this filling, and the ordinance directing it, were unnecessary, and unauthorized by law, and if any filling was necessary it was not required to extend so far back from the street. The prayer is for an injunction to forbid the filling, and to restrain the collection of any assessment for its expense.

This is the whole cause of action, and it is manifest that there is nothing here which calls for the relief demanded. The injury to the plaintiff's lots by this filling up is not said to be irreparable so that an action at law and damages for the trespass will not be an ample remedy, if the proceedings of the defendants are unauthorized or unjustifiable. Indeed, there is no statement in the complaint that the filling up these lots will cause any damage or injury whatever to the lands. The gist of the matter seems to be the expense. Even if it were the mere wanton and malicious act of a trespasser, there is not enough in the case to require us to grant an injunction, so far as the lands or lots, or their ownership or enjoyment, are concerned.

As to the tax or assessment, the case is equally plain. If the assessment be illegal or unconstitutional, the plaintiff cannot be compelled to pay it, and he need not anticipate, in this way, his defense to a suit at law. The assessment is not yet laid, or

its amount ascertained; indeed the work is not done, or even commenced, and therefore there cannot be a pretense of a cloud upon the title of the land. If an assessment were laid, however, for the expense of this improvement, it is well settled that a bill in equity and an injunction are not the proper means to review or correct such proceedings of a municipal corporation. There are sufficient common law remedies in such cases, and a court of equity will not extend its jurisdiction to review such proceedings, unless they are productive of peculiar or irreparable injury to the lands of the plaintiff, or must lead to a multiplicity of suits. The case of *The Mayor of Brooklyn* v. *Meserole*, (26 *Wend.* 132,) established this principle. It was followed in the recent case of *Bouton* v. *The City of Brooklyn*, (15 *Barb.* 375.) In the case of *Mace* v. *The Trustees of Newburgh*, I had occasion to apply the rule laid down in these and other authorities, and that decision, denying the continuance of an injunction, was acquiesced in by the very able counsel who argued that case. I think these principles are decisive of the present question, and therefore, without examining the other question discussed by the learned justice at special term, I agree that his order dissolving the injunction was right, and should be affirmed with $10 costs.

[KINGS GENERAL TERM, October 13, 1857. *S. B. Strong, Birdseye* and *Emott*, Justices.]