Church, Ch. J.
This is a eontestfor priority of mortgages. There are two aspects in which to consider the plaintiff’s mortgage, one. as a prior and the other as a subsequent lien. If it is to be deemed as executed and delivered on the first day of April the question is, whether it was a prior lien to that of the Bowen mortgage. I think it very clear that it was not. It would attach, as between the parties, to whatever equitable interest La Grange had by virtue of his contract of purchase, and on the sixth it would attach to such further interest as he then acquired, but that interest was the legal title subject to the purchase-money mortgage. The deed and Bowen mortgage executed at the same time are to be construed together as one instrument. They constitute an indivisible act. There never was a moment between the seisin and mortgage when La Grange could encumber the estate to the exclusion of the latter, and it follows that a prior mortgage could not insert itself between them. Such a transaction is some times illustrated as a conditional sale. Thus, in Stow v. Tifft (15 J. R., 458), which was a question between a-right to dower and a purchase-money mortgage, Spenoeb, J., in delivering the opinion, said: “ The substance of the conveyance, where land is mortgaged at the same time the deed is *545 given, is this: the bargainer sells the land to the bargainee on condition that he pays the price at the stipulated time, and if he does not, that the bargainer shall be reseized of it free irom the mortgage; and whether this contract is contained in one and the same instrument as it may well be, or in distinct instruments executed at the same instant, can make no possible difference.”
The same principle was adopted as to the question of escheat (1 Sandf. Oh., 141), and was applied to a defeasance in 3 Wendell, 233, and was recognized and fully approved by this court in 26 New York, 68.
It is not material that it should be regarded technically as a conditional sale ; in substance, it is a sale subject to a lien for unpaid purchase-money which attaches eo mstanti, as a lien as a part of an indivisible transaction. Independent of authority the rule commends itself to every one’s sense of justice. A vendor of real estate has no occasion to examine the records for incumbrances created prior to his conveyance. He has the power to protect himself by a qualified or conditional transfer, or by any legal mode of creating a lien to secure himself for unpaid purchase-money. When he conveys and instantly takes a reconveyance as such security, no authority is needed to demonstrate the gross injustice of permitting a prior mortgage from intervening to his prejudice.
If the mortgage is to be deemed executed and delivered subsequently on the fourteenth of April, when it was recorded, the question is, whether it is protected by the recording act (1 R. S., 756, § 1), the Bowen mortgage not having been recorded until the seventeenth. The fatal difficulty with this theory is to establish that Seymour was a subsequent purchaser, “in good faith and for a valuable consideration,” as the statute requires he should be to be protected against an unrecorded conveyance. The mortgagee must part with value upon the faith of the conveyance. Seymour paid nothing and parted with no value on the fourteenth of April. He parted with his money on the first and second of April. The records then notified him that Bowen had and La Grange *546 had not the title, and, besides, Bowen was then in possession, whose rights he was also bound to take notice of. (16 Paige, 388; 15 N. Y., 354; 52 id., 612; 40 id., 314.) He did not part with his money upon an apparent record title or possession. BTor did he part with his money upon the faith of the conveyance, but he parted with it upon the bond of La Grange, and his promise to execute a mortgage and the false representation that he owned, and had a deed of the premises. Assuming the mortgage to have been given on the fourteenth, it was given to secure a precedent debt created on the first and second, and for the purposes of this question it might as well have been created six months before.
The law is well settled that, to enable a subsequent purchaser to invoke the protection of the statute, he must part with value upon the faith of the conveyance. (22 N. Y., 567; 46 Barb., 211; 52 N. Y., 138 ; 4 Paige, 215 ; 3 Barb., 270.) If Seymour’s mortgage had been canceled the day after it was given, his position would have been precisely the same as it was on the sixth when the Bowen mortgage was given. His position had not been changed, and he had neither paid or advanced any thing after that time. The execution and delivery of the mortgage might well relate back, and be deemed operative from the time the bond was delivered and the money paid; but the payment of the money cannot be transferred, as claimed by the counsel for .the plaintiff, to a subsequent occasion, when, if it had been paid, he might have been protected. His situation at the time he paid the money and the inducement then operating, must determine the question. BTeither B^wen, nor his assignee, is responsible for, nor should they be prejudiced by, the fraud of La Grange in procuring the money. If Seymour had made inquiry himself he would have ascertained the true facts; but as he parted with his money upon the false statement of La Grange he must bear the consequences.
I am inclined to the opinion that Seymour cannot be regarded aS a subsequent purchaser; that the mortgage to him was intended as a present conveyance on the first day of *547 .April, and that it remained in the hands of La Grange as a bailee simply. (42 N. Y., 422; 20 Wend., 44; 5 Barn. & C., 671.) The latter could not have interposed his own negligence in putting it on record to prevent its operation ; and there is nothing to show but that he intended to make it a valid instrument when he executed and acknowledged it according to his agreement; and. the circumstances tend strongly to prove that he did. I prefer, however, to place the decision upon the ground that no value was parted with.
The learned judge, in delivering the opinion at the General Term, held that Seymour was not a subsequent purchaser, and therefore not protected by the recording act, but that his mortgage was entitled to preference by reason of his greater diligence in getting it recorded. He says that both mortgages took effect upon the estate at the same instant. This is true as to time, but they did not take effect upon the same interest or estate. Bowen’s mortgage attached to the whole estate, while Seymour’s only to the interest which La Grange had, which, as we have seen, was subject to Bowen’s mortgage.
Having a lien subordinate to the defendant’s mortgage and so situated as to be unable to invoke the protection of the recording act, the circumstance that Seymour procured his mortgage to be recorded three days in advance of the other, could not possibly create a preference, and is immaterial. The time of recording had no effect whatever, and the question of diligence has no application to the case. (7 Cow., 360.)
The judgment declaring the priority of Seymour’s mortgage cannot be sustained upon any principle of law or equity that I am aware of; and it must be reversed and a new trial granted, costs to abide the event.
All concur.
Judgment reversed.