Sylvester Trimmer, Appellant, v. The City of Rochester, Respondent.

Where money has been collected under an assessment for a local improve-
ment which is valid on the face of the record but is illegal by reason
of the existence of some fact outside thereof, it may not be recovered
back until the assessment is set aside.

It is not sufficient that in an action brought by another party whose prop-
erty was assessed for the same improvement a judgment was recovered
adjudging the assessment against his property to be illegal and void;
this does not set aside all of the assessments, but only that against the
property of the plaintiff in such action, and the other assessments are
not affected or invalidated thereby.

(Argued December 10, 1891; decided January 20, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to recover back moneys paid upon alleged illegal assessments for a street improvement.

May 30, 1865, the common council of the city of Rochester, pursuant to chapter 143 of the Laws of 1861, the city charter, confirmed an assessment of $30,830, for curbing and pav-ing Oak street, between Allen and Lisle streets, the sum being assessed upon property benefited by the improve-ment. One-third of the assessment became due August 30, 1865, one-third, May 30, 1866, and one-third, May 30, 1867. The last two installments bore interest at the rate of seven per cent from May 30, 1865. Among other property assessed was a lot belonging to Thomas Brady upon which there was levied $492, one-third of which, $164, was payable August 30, 1865, one-third, May 30, 1866, with interest from May 30, 1865, and one-third, May 30, 1867, with interest from May 30, 1865. August 30, 1865, Brady paid $164, and April 19, 1866, $174.15, the amount of the second installment with interest. Prior to February 21, 1888, Brady's right to recover

the sums so paid by him was assigned to this plaintiff, who on the date mentioned demanded payment of the defendant of the sums and February 23, 1888, brought this action to recover the amounts paid with interest from the dates of payment.

July 18, 1867, William E. Hasson and others, Thomas Brady not being a party, brought an action to set aside the assessment against their properties upon the ground that certain realty benefited by the improvement had been omitted from the roll. September 9, 1882, a judgment was recovered in the action, adjudging that the assessments against the realty of the plaintiffs in that action were illegal and void by reason of such omission, and the city and its officials were restrained from collecting the assessments from the plaintiffs or out of their property. (6 Lans. 185; 65 N. Y. 516; 67 id. 528.)

Further facts are stated in the opinion.

*D. Clinton Barnum* for appellant. Money paid on an illegal assessment may be recovered back. (*Bank* v. *Mayor, etc.*, 43 N. Y. 184; *Peyser* v. *Mayor, etc.*, 70 id. 497; *Strusburg* v. *Mayor, etc.*, 87 id. 452; *Chapman* v. *City of Brooklyn*, 40 id. 380, 381; *Newman* v. *Suprs., etc.*, 45 id. 687; *Horn* v. *Town of New Lots*, 83 id. 100–107; *Parsons* v. *City of Rochester*, 43 Hun, 259; *Brehm* v. *Mayor, etc.*, 39 id. 533.) The payment of the assessment was under coercion of law, and, therefore, not voluntary. (*Hassan* v. *City of Rochester*, 67 N. Y. 536; *Parsons* v. *City of Rochester*, 43 Hun, 259; *Guest* v. *City of Brooklyn*, 69 N. Y. 506; *Hatch* v. *City of Buffalo*, 38 id. 276; *Haywood* v. *City of Buffalo*, 14 id. 534; *Scott* v. *Onderdonk*, Id. 9; *Bank of Commonwealth* v. *Mayor, etc.*, 43 id. 188; *Peyser* v. *Mayor*, 70 id. 497; *Breucher* v. *Vil. of Port Chester*, 101 id. 244; *Lott* v. *Swezey*, 29 Barb. 87; *Scholey* v. *Halsey*, 72 N. Y. 582; *Bank of U. S.* v. *Bank of Washington*, 6 Pet. 8; *Howard* v. *City of Augusta*, 74 Me. 79; *Pooley* v. *City of Buffalo*, 122 N. Y. 602; *Flower* v. *Lance*, 59 id. 610; *Mobile* v. *Stiner*, 61 Ala. 595.) It need not affirmatively appear that the party paying the assessment did not know of

the defects where the payment was under coercion of law. (*Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Lott* v. *Swezey,* 29 Barb. 94; *People* v. *Carter,* 119 N. Y. 560.) Even if the payment was with full knowledge, it was not voluntary, because made under coercion of law. Compulsory payments are not rendered voluntary because of knowledge of the facts. (*Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Breucher* v. *Vil. of Port Chester,* 101 id. 240; *Chase* v. *Devinal,* 7 Me. 138; *Tripler* v. *Mayor, etc.,* 125 N. Y. 627.) But even if the payment was with knowledge, and if knowledge does render a compulsory payment voluntary, plaintiff may recover, because the assessment was vacated after the payment and before suit. (*Lott* v. *Swezey,* 29 Barb. 94; *Peyser* v. *Mayor, etc.,* 70 N. Y. 501.) The action is not barred by the Statute of Limitations. The assessment being valid on its face, it was a protection to defendant until reversed, and no action could be brought for money paid under it until it was reversed. (*Brehm* v. *Mayor, etc.,* 104 N. Y. 186; *Bank* v. *Mayor, etc.,* 43 id. 184; *Strusburg* v. *Mayor, etc.,* 87 id. 455; *Breucher* v. *Vil. of Port Chester,* 101 id. 244; *Brundage* v. *Vil. of Port Chester,* 102 id. 497; *Newman* v. *Suprs.,* 45 id. 688; *Horn* v. *Town of New Lots,* 83 id. 100; *Sherman* v. *Clifton Springs,* 27 Hun, 390; *Fisher* v. *Langbein,* 103 N. Y. 84, 90; *Day* v. *Bach,* 87 id. 61; *Marks* v. *Townsend,* 97 id. 600; Code Civ. Pro. §§ 380, 415; *O'Hara* v. *State,* 112 N. Y. 155; *Parker* v. *Stroud,* 98 id. 383; Wood on Lim. 335, § 160; *Collins* v. *Thayer,* 71 Ill. 138; *C. R. R. Co.* v. *Parks,* 33 Ark. 131; *Peyser* v. *Mayor,* 70 N. Y. 502; *Bruce* v. *Tilson,* 25 id. 196; *Peters* v. *Delaplaine,* 49 id. 388; *Tapley* v. *McPike,* 50 Mo. 589; *Bank of U. S.* v. *Bank of Washington,* 6 Pet. 18; *Dowell* v. *Webber,* 2 S. & M. 452; *Abbott* v. *McElroy,* 10 id. 100; *Lawton* v. *Bowman,* 2 Strob. 190; *Moser* v. *Jones,* 2 M. & McC. 259; *Tarver* v. *Cowart,* 5 Ga. 66; Angell on Lim. §§ 63, 99; *Bank* v. *Townsend,* 87 N. Y. 10; *Osburn* v. *Rogers,* 112 id. 573; *Pickard* v. *Valentine,* 13 Me. 412.) The judgment is appealable to this court. (*Josnez* v. *Connor,* 75 N. Y. 156.) The fact that the plaintiff's

assignor is intestate and was not a party to the action to set aside the assessment, does not defeat a recovery. (*In re DeLancey*, 52 N. Y. 82.)

*Henry J. Sullivan* for respondent. The payments sought to be recovered back in these actions were voluntary ones, not coerced in any manner by duress of person, goods, or otherwise, and the amounts thus paid cannot be recovered back. (*Tripler* v. *Mayor, etc.*, 125 N. Y. 617, 630; *Vanderbeck* v. *City of Rochester*, 122 id. 285; *Pooley* v. *City of Buffalo*, Id. 592; *Phelps* v. *Mayor, etc.*, 112 id. 222; *Forest* v. *Mayor, etc.*, 13 Abb. Pr. [N. S.] 350, 353; *Cutler* v. *Mayor, etc.*, 92 N. Y. 170.) The parties making the payments could have maintained actions, provided said payments were involuntary ones, without having the assessment set aside or vacated for the reason that it was void, owing to the assessors omitting, in making the assessment, to include said 900 feet or thereabouts, frontage of state lands on Oak street, contrary to the provisions of the ordinance, and for that reason said assessors lost jurisdiction. (*Breucher* v. *Vil. of Port Chester*, 101 N. Y. 240, 244; *Jex* v. *Mayor, etc.*, 103 id. 536, 541; 111 id. 339, 342; *Diefenthaler* v. *Mayor, etc.*, Id. 331, 339.) The action is one brought to recover for money alleged to have been had and received by the defendant for the use of the owners paying the same. (*Horn* v. *New Lots*, 83 N. Y. 101.) The payments were made more than twenty years before the commencement of this action, and, therefore, the Statute of Limitations bars a recovery being had therefor for that reason. (*Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331, 337, 338; *Jex* v. *Mayor, etc.*, Id. 339, 342; *Brundage* v. *Vil. of Port Chester*, 31 Hun, 130, 131; *Parsons* v. *City of Rochester*, 43 id. 258, 260; *Clowes* v. *Mayor, etc.*, 47 id. 539, 540.)

FOLLETT, Ch. J. The taxing officers of the defendant omitted from the assessment-roll realty benefited by the improvement, and for this error assessments against the taxpayers who brought actions to set them aside were adjudged

to be illegal. (*Hassen* v. *City of Rochester*, 65 N. Y. 516; 67 id. 528.)

There is a broad distinction between an assessment which is illegal by reason of the existence of some fact outside of the record, and one void on the face of the record, for lack of jurisdiction of the person or property, or by reason of the unconstitutionality of the statute under which the assessment is made. In the latter case, if money is compulsively obtained it may be recovered from the municipality in an action at law brought by the wronged taxpayer. But in case money is collected under an illegal assessment, it cannot be recovered until the assessment is set aside. (*Horn* v. *Town of New Lots*, 83 N. Y. 101; *Purssell* v. *Mayor, etc.*, 85 id. 330; *Strusburgh* v. *Mayor, etc.*, 87 id. 452; *Bruecher* v. *Village Port Chester*, 101 id. 240; *Jex* v. *Mayor, etc.*, 103 id. 536.)

The rights of persons from whom money is collected under such assessments are like those of persons from whom money is collected under judgments void; for example, for lack of jurisdiction, and those which are reversible for error. Money collected under void judgments may be recovered without first setting them aside, but that collected under judgments erroneously obtained cannot be until they are reversed.

It is agreed that the assessment against the realty of the assignor of the plaintiff, and on account of which the money sought to be recovered in this action was paid has not been set aside, nor have any proceeding or actions been instituted for such purpose.

The judgment in *Hassens* case did not set aside all of the assessments but only those against the property of the plaintiffs in that action, and the assessment against realty of the assignor of the plaintiff was not affected or invalidated by that judgment, and until it is set aside no action can be maintained to recover the sums paid under it. (*Matter of Delancey*, 52 N. Y. 80; *Wilkes* v. *Mayor*, 79 id. 621; *Purssell* v. *Mayor, etc.*, 85 id. 330; *Chase* v. *Chase*, 95 id. 373.)

The foregoing cases arose under special statutes regulating the remedies of taxpayers in cases of illegal assessments in the

city of New York. (C. 338, L. 1858; C. 312, L. 1874; C. 550, L. 1880.)

But *Moore* v. *City of Albany* (98 N. Y. 396) did not arise under a statute affording aggrieved taxpayers special remedies, and it was there held that in case all the assessments on the roll were illegal for a common cause, not appearing on the face of the roll, or on the record on which it rested, a judgment vacating an assessment in favor of one taxpayer did not vacate the assessments against the others. (*Reid* v. *Bd. Super. Albany Co.*, 128 N. Y. 364.)

The result is that the plaintiff failed to establish a cause of action for the recovery of the money paid, and the complaint was rightfully dismissed. These views render it unnecessary to consider the question of the effect of the Statute of Limitations.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.