SYLVESTER TRIMMER, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

Where a municipal assessment for a local improvement is valid upon its face and an apparent lien upon the land, but is in fact void by reason of facts outside the record, and the owner in ignorance of those facts has involuntarily paid the assessment, he may in one action seek to set aside the assessment and recover back the money paid.

As the setting aside of the assessment is a mere incident to the cause of action to recover the money paid, that accrues when the assessment is paid and the Statute of Limitations then begins to run.

Where, therefore, an action was brought to recover back such an assessment more than six years after the assessment was paid, *held*, that it was barred by the statute, although brought within six years after judgment in an action setting aside the assessment.

(Argued May 2, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Circuit without a jury.

This action was brought to set aside an assessment for a local improvement.

*Turk & Barnum* for appellant.

*Henry J. Sullivan* for respondent.

LANDON, J. This case was argued with *Trimmer* v. *City of Rochester* (130 N. Y. 401), and affirmed upon the opinion in that case. Reargument was granted because the plaintiff's assignor was in fact a party to the Hassen actions referred to in our former opinion. In the reported case, the plaintiff's assignor was not a party to those actions, and the judgments in them did not set aside the assessment as to him, and we assumed that this case was like it in that respect.

Our opinion in 130 N. Y. 401, requires a reversal of the judgment, unless the Statute of Limitations defeats the plain-

tiff's recovery. We think, within the rule established in *Diefenthaler* v. *Mayor, etc.,* (111 N. Y. 331), the cause of action is barred by the statute.

The assessment was made in 1865, and involuntarily paid in 1865 and 1866. The judgment setting aside the assessment was entered September 9, 1882, and this action was commenced September 9, 1888. The plaintiff's contention is that his cause of action did not accrue until the assessment was set aside. That would be so if it had been necessary to bring two separate actions, the first to vacate the assessment, and, succeeding in that, the second to recover the money involuntarily paid upon it. But this case, like the *Diefenthaler* case and *Strusburgh* v. *Mayor, etc.* (87 N. Y. 452), was one in which the lands were covered by an assessment appearing to be valid on its face, and an apparent lien upon the lands, but in fact illegal and void by reason of facts outside the record, and, therefore, there was no need to bring two separate actions; but the owner having involuntarily paid the assessment in ignorance of the facts, could, in one action, seek to set aside the assessment and recover back the money paid upon it.

The setting aside the assessment, it is held, is a mere incident to the legal cause of action to recover back the money, and, therefore, the cause of action did not accrue until the assessment was paid, and the six years' limitation applies.

The judgment should be affirmed.

All concur.

Judgment affirmed.