(67 App. Div. 267.)

PALMER et al. v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. December 10, 1901.)

MUNICIPAL CORPORATIONS—INVALID ASSESSMENT—PAYMENT BY MISTAKE — RE-
COVERY—NEW GROUND PRESENTED ON APPEAL.

Plaintiff sought to vacate an invalid improvement assessment, on the
ground that he was ignorant of the facts rendering the assessment in-
valid. The trial court found that the invalidity arose from failure of the
city to comply with certain charter and statutory provisions in making
the improvements, and that plaintiff was chargeable with knowledge
of the facts rendering the assessment invalid, and hence could not re-
cover. The case was not tried with reference to Laws 1896. c. 910, § 1,
which provides that, whenever an assessment for a local improvement
has been annulled by the judgment or order of any court, sums paid
thereon may be refunded, with interest, and, if not so refunded within
a year, an action may be maintained to recover such sums with inter-
est. On appeal plaintiff invoked the statute, and contended that the
judgment should be reversed, and judgment rendered for plaintiff. *Held*
that, as the statute gave the municipality a year after annulment of the
assessment within which to refund the money paid, this could not be
done, but a new trial would be ordered.

Appeal from special term, Onondaga county.

Action by Manning C. Palmer and Alva W. Palmer against the
city of Syracuse. From a judgment of the special term (57 N. Y.
Supp. 600) in favor of defendant, plaintiffs appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and
WILLIAMS, JJ.

Ceylon H. Lewis, for appellants.
J. S. Thorn, for respondent.

SPRING, J. This action was commenced to vacate an assess-
ment imposed for expenses incurred by the city of Syracuse in mak-
ing connections from the water mains to street curb lines in front
of the premises owned by the plaintiffs on Onondaga and Tallman
streets in that city. The water supply of the city was, until 1890,
furnished by a water company, and during its ownership the cost
of making these connections was, pursuant to the city charter,
borne by the company, instead of by the lot owners for whom they
were put in. Subsequently the city acquired title to the water
system, and no change was made imposing upon the owner the
cost of putting in these connections. In 1893 the plaintiffs owned
premises with a long frontage on the two streets referred to. At
that time proceedings were instituted for paving these streets, and
by the charter of the city it was essential to lay water mains in the
streets, and make the connections to the curbs, before the pavements
were laid. The common council of the city ordered this paving to
be done, and in carrying on the work caused the service connections
to be made with the water mains, and directed that the cost thereof
be charged to the several owners owning property along the streets
on which the pavements were laid. The ordinary routine proceed-
ings were gone through with, whereby the assessments were made
charging the plaintiffs for their part of these expenses on these
two streets $624.82. The warrant for the collection of the taxes in

April, 1894, pursuant to these assessments, was delivered to the city treasurer, directing him to proceed in the usual way for their collection, even to the extent of levying the same "by distress and sale of the goods and chattels of said delinquent or by suit in the corporate name." This officer on April 6, 1894, served the usual notice upon the plaintiffs of the imposition of the tax, and advising them that, if paid on or before April 16th, no fee would be charged, but, if paid after that time, "the fee prescribed by law will be charged." The plaintiffs paid the taxes before any fee was imposed, and are now seeking to recover back the sums so paid, on the ground that the assessments were invalid and imposed without any authority.

It has been held that assessments imposed for the cost of putting in the service connections with the water mains in the city of Syracuse were invalid, and that the common council, in charging the burden to the individual owners who were claimed to be benefited by these local improvements, exceeded its authority, as the city charter did not authorize the assessment. Alvord v. City of Syracuse, 163 N. Y. 158, 57 N. E. 310; Landon v. City of Syracuse, 19 App. Div. 41, 46 N. Y. Supp. 1053, affirmed 163 N. Y. 562, 57 N. E. 1114; Kirk v. City of Syracuse, 163 N. Y. 561, 57 N. E. 1114. These cases had been determined by the trial courts and by the appellate division, deciding the assessments were illegal, before the present case was tried, and it was conceded on the trial of this action that the assessments were invalid; but it was contended that they were voluntarily paid by the plaintiffs, and that they might have readily ascertained upon an examination of the charter of the city that the common council exceeded its authority in charging these expenses to the owners. In this case the trial court has found as a fact "that the plaintiffs were chargeable with knowledge of the facts which rendered said assessments invalid." That finding is supported by various items of evidence which are embodied in the decision, and which tend to support the finding made. While it may be difficult to reconcile the authorities which uphold or condemn payments of taxes claimed to have been made involuntarily or in ignorance of the facts by reason of which the assessments are illegal, in view of this finding of fact we do not feel called upon to disturb the decision of the trial justice. We are influenced somewhat to this conclusion by another circumstance which will eventually enable the plaintiffs to obtain the relief sought in this action. Chapter 910 of the Laws of 1896 is entitled "An act to authorize the recovery of an assessment paid for a local improvement, which assessment has been annulled." Section 1 of the act is as follows:

"Whenever an assessment for a local improvement has been annulled by the judgment or order of any court any sum of money which has been heretofore, or shall be hereafter paid thereon, may be refunded with interest from the time of such payment. If not so refunded within one year, from the time of such judgment or order annulling such assessment, an action may be maintained to recover such sum with interest thereon."

The complaint in the present action sets forth facts showing the invalidity of the assessments, and which have received judicial construction in the cases cited, but in cases which, of course, were con-

fined to the illegal assessments of the respective plaintiffs in those actions. In the present case the invalidity of the assessments was conceded, and the controversy narrowed down to the issue whether the payments were voluntarily made by the plaintiffs or under such circumstances that notice of the invalidity of the assessments was imputable to them. The statute quoted was not known to the counsel in the case, and the attention of the trial justice was not directed to it. The judgment, therefore, dismissed the complaint, although confessedly the assessments were illegal, and so found by the trial judge. It is contended by the appellants' counsel that the judgment should be reversed, and judgment ordered for the plaintiffs for the amount of the taxes expended, as the invalidity of the assessments was conceded on the trial and determined by the trial justice. The statute referred to does not permit this to be done. The remedy it provides for primarily is the annulment of an assessment, and, after that has been accomplished, the municipality has a year in which to refund the money paid. The intention of the lawmakers evidently was to give the municipal authorities a reasonable time in which to raise the money to meet an unexpected call upon their resources, and the statute guards the rights of the person who has paid the illegal tax for this delay by allowing him interest on the money so paid. The practice here suggested was held to obtain in the interpretation of this statute in Wallace v. City of New York, 53 App. Div. 187, 65 N. Y. Supp. 855, affirmed 165 N. Y. 658, 59 N. E. 1132. In that case the assessments for local improvements in New York City upon the same roll with that of the plaintiff's testator, but upon the property of other owners, had been vacated, and the lien thereof canceled; but the judgment did not inure directly to the benefit of the plaintiff, as the amount of the tax imposed was a distinct assessment, and must be separately annulled, and the fact that the lien of one or more assessments was discharged did not operate to annul the whole assessment. While the illegality of the assessments was conceded and determined, the case was not tried with reference to the statute which the appellants now invoke, and we deem it but fair that a new trial be ordered, instead of formally directing that judgment be entered conformably to the decision adjudging that the assessments are invalid. The decision we now make it is hoped will result without further litigation in a formal determination that the assessments are invalid, and in the refunding of the moneys paid by the plaintiffs for taxes pursuant to these void assessments. The judgment should be reversed, and a new trial ordered, but without costs of this appeal to either party.

The judgment is reversed, and a new trial ordered, but without costs of this appeal to either party. All concur.