(44 Misc. Rep. 129.)

McCALL v. CITY OF ROCHESTER.

(Supreme Court, Trial Term, Monroe County. June, 1904.)

1. VOID ASSESSMENT—VOLUNTARY PAYMENT—RECOVERY.

An owner of land paid an apparently valid assessment, but void to her knowledge, before any attempt made by the city to collect it. *Held*, that the payment could not be recovered as one made under duress of law, nor at all unless the assessment was first set aside.

2. SAME—RELIEF IN EQUITY.

Laws 1898, p. 440, c. 182, §§ 466, 467, provide a remedy for a party aggrieved in the case of assessments alleged to be void for fraud, error, or defect in work. *Held* exclusive, and precluding any resort to a bill in equity.

3. SAME—CONSTITUTIONAL LAW.

Laws 1898, p. 440, c. 182, §§ 466, 467, providing an exclusive remedy for a party aggrieved by a void assessment, is a constitutional provision, the Legislature having a right to prohibit an action to recover such assessment except on compliance with certain conditions.

Action by Bertha A. McCall against the city of Rochester to recover the amount of assessment paid to such city. Dismissed.

Curtis Fitzsimmons, for plaintiff.
William A. Sutherland, for defendant.

DAVY, J. This action is brought to recover from the city of Rochester $78.62, paid by plaintiff to the city treasurer for the Pierpont avenue improvement assessment. The plaintiff contends that the assessment was illegal and void for the reason that no portion of her land fronted on Pierpont avenue; that between her property and the avenue there is a strip of land two feet wide, which she does not own. It appears from the testimony taken upon the trial that at the time the assessment was made the plaintiff had a deed of the property in question. She also claimed to be the owner thereof, and signed a remonstrance to the common council against the improvement. She owned, or pretended to own, the property at the time fixed by law for determining who should be assessed therefor as owner. The assessors, therefore, obtained jurisdiction of the plaintiff and the subject-matter, and the tax roll, when completed by the assessors, formed the basis on which the tax was imposed. If the assessment was void for want of jurisdiction, as claimed by the plaintiff, she was under no obligation to have paid it. She stood in no danger of having the assessment, or any portion thereof,

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1233.

against her premises, collected, if she had seen fit to have resisted its collection.

In Trimmer v. City of Rochester, 130 N. Y. 405, 29 N. E. 746, Follett, C. J., said:

"There is a broad distinction between an assessment which is illegal by reason of the existence of some fact outside of the record, and one void on the face of the record for lack of jurisdiction of the person or property, or by reason of the unconstitutionality of the statute under which the assessment is made."

It was held in Tripler v. Mayor, 125 N. Y. 623, 26 N. E. 721, that, in order to maintain an action to recover back money paid in satisfaction of an illegal assessment, it must appear that the payment was made in ignorance of the invalidity of the assessment, or through some legal coercion. Where one upon whose land an assessment is laid, apparently valid, but, by reason of the facts outside of the record, actually void, pays it with full knowledge of these facts before any attempt is made to enforce it, the payment cannot be regarded as an involuntary payment by coercion in law. But assuming that the assessment is illegal, and the plaintiff has not waived her right to recover the same, the question arises whether she can maintain this action until the assessment is first set aside. The White Charter, so called, for the government of cities of the second class, which includes the city of Rochester, was passed in 1898 (Laws 1898, p. 371, c. 182), and became effective January 1, 1900. The assessment roll for the improvement of Pierpont avenue was completed by the assessors and confirmed by the common council March 13, 1900. The assessment, therefore, which the plaintiff seeks to recover in this action, was made after the present city charter went into effect and comes within the provisions of sections 466 and 467 of the charter. Section 466 provides that:

"If, in the proceedings relative to any assessment or assessments for local improvements in the city, or in the proceedings to collect the same, any fraud or defect in the work, or substantial error, shall be alleged to exist or to have been committed, the party aggrieved thereby may, within twenty days after the completion of the assessment, apply to have the assessment vacated or reduced, to a judge of the Supreme Court, at special term or at chambers, or to the county judge, who shall thereupon, upon due notice to the corporation counsel, and to the contractor and his sureties, or any other person, if they, or either of them, be proper persons, proceed forthwith to hear the proofs and allegations of the parties."

Section 467 provides that no suit or action in the nature of a bill in equity or otherwise shall be commenced to vacate any assessment in the city, or to remove a cloud upon title arising from any assessment. It also provides that owners of property shall, in proceedings to vacate or stay payment of assessments, be confined to the form of proceeding mentioned in section 466; and it also authorizes the court to direct that any issue or issues of fact be tried before a jury. It is evident that this statute was intended to prevent the vacation of any assessment by any suit or action in the nature of a bill in equity, and to confine owners of property in cases of alleged void assessments to these remedies provided in section 466 of the city charter. It is not claimed that this assessment which has been paid, and which is sought in this action to be recovered back, has been annulled.

Section 1 of chapter 910, p. 980, of the Laws of 1896, provides that:

"Whenever an assessment for a local improvement has been annulled by the judgment or order of any court any sum of money which has been heretofore, or shall be hereafter paid thereon, may be refunded with interest from the time of such payment. If not so refunded within one year, from the time of such judgment or order annulling such assessment, an action may be maintained to recover such sum with interest thereon."

It was held in Trimmer v. City of Rochester, supra, that where money has been collected under an assessment for a local improvement which is valid on the face of the record, but is illegal by reason of some fact outside thereof, it cannot be recovered back until the assessment is set aside. Palmer v. City of Syracuse, 67 App. Div. 270, 73 N. Y. Supp. 378, was an action to recover certain sums of money paid for local improvements on the ground that the assessments were invalid. The court held that the action could not be maintained, for the reason that the assessments, although conceded to be invalid, had not been set aside; that the provisions of the charter require that the assessments must be first set aside, and, after that has been accomplished, the municipality has a year in which to refund the money. Judge Spring, in speaking for the court, said:

"The intention of the lawmakers evidently was to give the municipal authorities a reasonable time in which to raise the money to meet an unexpected call upon their resources, and the statute guards the rights of the person who has paid the illegal tax for this delay by allowing him interest on the money so paid."

Wallace v. Mayor, 53 App. Div. 187, 65 N. Y. Supp. 855, affirmed 165 N. Y. 658, 59 N. E. 1132; Trimmer v. City of Rochester, supra; Scudder v. Mayor, 146 N. Y. 248, 40 N. E. 734.

This provision of the city charter is almost identical with chapter 410 of the Laws of 1882, known as the "New York Consolidation Act," and the question of the power of the court, under that act, to restrain the city from collecting an illegal assessment levied for street improvement, arose in Sixth Ave. R. R. Co. v. Mayor (Sup.) 17 N. Y. Supp. 904. In that case the court at General Term in the First Department held that section 897 of the consolidation act (Laws 1882, p. 246, c. 410) expressly provides that no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall be confined to their remedies in such cases to the proceedings under that act. This provision was held in Mayer v. Mayor, 101 N. Y. 284, 4 N. E. 336, to be unqualified, and to apply to every class of assessments. Matter of Bridgford, 65 Hun, 227, 20 N. Y. Supp. 281.

There can be no question but that the Legislature has the power to prohibit an action to recover an invalid assessment for a local improvement unless certain conditions are complied with. In Loomis v. City of Little Falls, 176 N. Y. 31, 68 N. E. 105, the court held that, the Legislature having the power to absolutely prohibit an action to set aside, cancel, or annul any assessment made for local improvements, such power necessarily includes the power to prohibit the commence-

ment of such an action unless specified conditions are complied with. Chief Judge Parker, who wrote the opinion of the court, said:

"It is an acknowledged branch of equity jurisdiction to remove clouds from the title to real property, but the Legislature has the power to deprive parties of that particular remedy. It may not deprive them of every remedy, but, so long as an adequate remedy is afforded to a party injured, the Legislature acts within its authority when it deprives the courts of power to give relief in certain forms of actions."

I am of the opinion that the plain provisions of the charter compel me to hold that this action. cannot be maintained. The complaint, therefore, is dismissed, with costs to the defendant.

Complaint dismissed, with costs.