■ In the Matter of BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, Respondent, v RUSSELL R. RUSSO et al., Appellants. [724 NYS2d 468] —In a hybrid proceeding pursuant to CPLR article 78 to compel the appellants to make payment of specified amounts of taxes that the petitioner alleges were collected or should have been collected by them, and an action for a judgment declaring the amount of interest due to the petitioner on delinquent and unpaid taxes from the 1990-1991 school tax year to date, Russell R. Russo,

Treasurer of the City of Middletown, and the City of Middletown appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Angiolillo, J.), dated August 11, 1999, which, *inter alia*, granted the petitioner relief on its first cause of action seeking a declaration that, among other things, it is entitled to receive interest at the rate of 12% per annum on all delinquent or unpaid taxes, converted the second through sixteenth causes of action seeking relief pursuant to CPLR article 78 into causes of action for money had and received and applied a six-year Statute of Limitations to those causes of action, and, upon determining that triable issues of fact exist with respect to whether the ninth and tenth causes of action are time-barred, directed that a hearing be held on that issue.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as was made in the proceeding pursuant to CPLR article 78 is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by (1) adding to the eighth paragraph thereof the words "which are timely demanded" following the words "the petitioner is entitled to receive interest at the rate of 12% per annum on all delinquent or unpaid taxes," (2) deleting the provisions thereof which (a) converted the second through sixteenth causes of action into causes of action for money had and received, and (b) directed that a hearing be held, *inter alia*, on the issue of whether the ninth and tenth causes of action are time-barred, and (3) adding thereto a provision dismissing the second through twelfth and the fourteenth through sixteenth causes of action as time-barred; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment and for a calculation of the amount due and owing to the petitioner on the thirteenth cause of action.

The petitioner contends, *inter alia*, that the appellants were obligated to recover and pay over to it interest on delinquent school taxes at the rate of 12% per annum in compliance with the governing statutes. The petitioner properly sought relief via a proceeding pursuant to CPLR 7803 (1), since the relief sought was to compel the appellants to perform statutory responsibilities. Moreover, because the proceeding is actually one to compel the appellants to collect money which they were not in possession of, it cannot be viewed as an action for money

had and received. Accordingly, the Supreme Court erred in converting the second through sixteenth causes of action into causes of action for money had and received (see, CPLR 7803 [1]; cf., Board of Educ. v Rettaliata, 78 NY2d 128). Further, the applicable Statute of Limitations is that contained in CPLR 217 for the commencement of article 78 proceedings. Since the only timely demand made by the petitioner for the payment of delinquent city school district taxes was for the 1995-1996 school district taxes which were collected during March through May of 1998, the thirteenth cause of action is the only timely cause of action, and the remaining causes of action must be dismissed. Accordingly, the matter must be remitted for a calculation of the amount due and owing to the petitioner on its cause of action to recover for the 1995-1996 school district taxes. Moreover, to the extent that this is an action for a declaratory judgment, the matter must be remitted for the entry of a judgment making the appropriate declaration (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.