■ In the Matter of ROBERT CASTROLL et al., Respondents, v INCORPORATED VILLAGE OF HEAD OF THE HARBOR, Appellant. [767 NYS2d 796]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review the resolutions adopted by the Board of Trustees of the Incorporated Village of Head of the Harbor which imposed a special assessment upon the petitioners for the improvement of a street adjacent to their properties, and an action for a judgment declaring the special assessment illegal, unjust, void and unconstitutional, the Incorporated Village of Head of the Harbor appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated September 26, 2002, as denied its cross motion to dismiss the hybrid proceeding and action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the petition is denied, and the hybrid proceeding and action is dismissed.

The Supreme Court erred in its determination that this hybrid proceeding and action is not barred by the statute of limitations. The applicable statute of limitations is that contained in CPLR 217 for the commencement of CPLR article 78 proceedings (*see Matter of Board of Educ. of Enlarged City School Dist. of Middletown v Russo*, 283 AD2d 490, 492 [2001]; *Solnick v Whalen*, 49 NY2d 224 [1980]). The petitioners, who allege, inter alia, that the appellant unlawfully levied a special assessment against them for a road improvement project, received actual notice of the special assessment when they received their tax bills beginning with the 1992-1993 fiscal year. Since there is no evidence that the petitioners instituted the hybrid proceeding and action within four months of receiving the applicable tax bills, it must be dismissed as time-barred (*see Matter of Adventist Home v Board of Assessors of Town of Livingston*, 83 NY2d 878, 880 [1994]). Moreover, the petitioners' delay in bringing this hybrid proceeding and action was so extensive that it is

barred by the doctrine of laches (*see Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.,* 282 AD2d 602 [2001]). In addition, the cause of action seeking to recover payments made on the assessment on the ground that the assessment was invalid cannot be maintained since the assessment was never annulled (*see Dennison v City of New York,* 182 NY 24, 25 [1905]; *McCall v City of Rochester,* 44 Misc 129, 132-133 [1904]).

The remaining contentions of the parties either are academic or without merit. Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.