OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In early 1990, respondent Board of Assessors of the Town of Livingston determined that a portion of the real property of petitioner Adventist Home, Inc., previously untaxed, no longer qualified for a charitable exemption under Real Property Tax Law § 420-a. Accordingly, the Board included the property on the 1990 tentative assessment rolls and imposed an assessed value of $62,700. Petitioner filed a timely grievance challenging the Board’s action but the Board failed to change the assessment. The Town’s assessment roll became final on July 1, 1990. In December 1990, petitioner received a tax bill reflecting the new assessment.
Some five months later, in May 1991, petitioner instituted this combined CPLR article 78 proceeding and declaratory judgment action seeking review of respondent’s decision denying tax-exempt status to the property. Supreme Court held the claim time-barred under CPLR 217 for failure to commence *880 the proceeding within four months of either the publication of the assessment roll or petitioner’s receipt of a tax bill reflecting the adverse assessment, and the Appellate Division affirmed.
We conclude that petitioner failed to timely commence this proceeding because it was not brought within four months of receipt of the tax bill in December 1990, the point at which petitioner had actual notice of the Board’s determination. We reject respondent’s contention that the four-month Statute of Limitations began to run in July 1990, upon publication of the assessment roll, as that conclusion ignores the explicit statutory requirement of RPTL 525 (4) that the Board provide written notice of the determination and the taxpayer’s right to challenge it. The statutory language is plain:
"On or before the date the verified statement of changes made by the board of assessment review is delivered to the assessor, the board of assessment review shall mail to each complainant a notice of the board’s determination of his assessment. Such notice shall also contain the statement 'If you are dissatisfied with the determination of the board of assessment review, you may seek judicial review of your assessment pursuant to article seven of the real property tax law * * *.’ Such notice shall also state the last date to file petitions for judicial review”.
To hold, as respondent urges, that the limitations period commences with publication of the assessment roll — whether or not the taxpayer has been given the required notice — would eviscerate the statute.
Respondent cannot point to persuasive authority for the conclusion that the limitations period commences upon mere publication of the assessment roll (see, Matter of Dudley v Kerwick, 52 NY2d 542, 548; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204, n 3; see also, RPTL 702 [2] [limitations period in tax certiorari proceeding commences on last day for filing assessment roll or when notice is given as required by law, whichever is later]). Indeed, the very purpose of RPTL 525 (4) was to relieve the taxpayer of the burden of checking the assessment roll. In its memorandum in support, the State Board of Equalization and Assessment stated:
"Taxpayers who eventually complain to the board *881 of assessment review have generally either received a notice of increased assessment * * * or have examined the tentative assessment roll once it was made public. Having made some effort to ascertain his tentative assessment, and having applied for and received administrative review thereof on grievance day, it seems burdensome to require the taxpayer to check the final assessment roll to learn of the board of assessment review’s decision on his complaint” (see, Mem of State Exec Dept, State Bd of Equalization and Assessment, 1977 McKinney’s Session Laws of NY, at 2338 [emphasis supplied]).
We likewise reject respondent’s contention that the statute itself excuses a failure to provide notice. While the statute provides that "[failure to mail any such notice or failure * * * to receive the same shall not affect the validity of the assessment” (RPTL 525 [4]), the validity of the assessment is not at issue here. We are concerned only with the timeliness of the proceeding. The statutory language ensures that an otherwise valid assessment is not rendered invalid simply because of a failure to send proper notice.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur; Judge Levine taking no part.
Order affirmed, with costs, in a memorandum.