■ In the Matter of HABRACHA ASSOCIATES, Respondent, v FELICE MICHETTI et al., Appellants. [622 NYS2d 605] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development revoking a partial real estate tax abatement granted pursuant to Administrative Code of the City of New York § 11-243 (former § J51-2.4), the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated December 23, 1993, which granted the petition and reinstated the tax abatement. The appeal brings up for review an order of the same court dated June 10, 1993, which denied the appellants' motion to dismiss the proceeding as time-barred *(see,* CPLR 5501 [a]).

Ordered that the judgment is reversed, on the law, with costs, the order dated June 10, 1993, is vacated, the motion to dismiss is granted, the petition is denied, and the proceeding is dismissed.

The Department of Housing Preservation and Development (hereinafter HPD) originally revoked the petitioner's "J-51" tax abatement benefits in June of 1985. Upon reviewing the petitioner's file, HPD adhered to its determination in April of 1989. Thereafter, the petitioner received a bill for real estate taxes for 1990/91 which indicated that J-51 benefits had been granted.

HPD maintains that the restoration of the petitioner's J-51 benefits was the result of an administrative error. The peti-

tioner has not provided any evidence to refute this claim. The error was corrected in tax statements dated November 18, 1991, and March 18, 1992.

In June of 1992 the petitioner commenced this proceeding to challenge the revocation of the J-51 benefits. By order dated June 10, 1993, the Supreme Court denied the appellants' motion to dismiss the petition, *inter alia,* as untimely. We disagree.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner *(see,* CPLR 217). A determination is deemed binding when the petitioner receives actual notice of the determination *(see, Matter of Adventist Home v Board of Assessors,* 83 NY2d 878; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834).

Assuming, without deciding, that the issuance of a tax statement correcting the erroneous reinstatement of the petitioner's J-51 benefits constituted a determination subject to review in a CPLR article 78 proceeding, the petitioner received notice of the revocation of J-51 benefits when it received the tax statement dated November 18, 1991. We find no merit to the petitioner's argument that the November statement was insufficient to give notice of the revocation of benefits. The proceeding was therefore untimely when commenced in June of 1992.

In light of our determination, we need not reach the appellants' remaining contentions. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.