■ In the Matter of EAST TEMPLE OF MELCHIZEDEK OF HOUSE OF SELTZER, Appellant, v TOWN ASSESSOR OF TOWN OF HUNTINGTON et al., Respondents. [813 NYS2d 232]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents denying the petitioner's application for tax exempt status for the 2003-2004 tax year, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered February 14, 2005, which, upon an order of the same court dated December 13, 2004, dismissed the petition as time-barred.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 13, 2004 is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner (*see* CPLR 217; *Matter of Lubin v Board of Educ. of City of N.Y.,* 60 NY2d 974 [1983], *cert denied* 469 US 823 [1984]). Furthermore, for a

petitioner seeking to challenge its real property tax assessment, this four-month statute of limitations begins to run upon the receipt of a tax bill, the point at which the petitioner has actual notice of the tax determination (*see Matter of Adventist Home v Board of Assessors of Town of Livingston,* 83 NY2d 878 [1994]; *Matter of Castroll v Incorporated Vil. of Head of Harbor,* 2 AD3d 443 [2003]; *Matter of Habracha Assoc. v Michetti,* 212 AD2d 709 [1995]).

In the case at bar, it is undisputed that the petitioner received its tax bill in November 2003 and commenced its CPLR article 78 proceeding eight months later, in July 2004. Accordingly, the Supreme Court properly dismissed the petition as time-barred.

The petitioner's remaining contention is without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.