# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1002**
**CA 11-00277**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF NEW YORK MILLS REDEVELOPMENT
COMPANY, LLC, AND LIBERTY AFFORDABLE HOUSING,
INC., PETITIONERS-APPELLANTS,

                        V                                    MEMORANDUM AND ORDER

TOWN OF WHITESTOWN, AND ITS ASSESSOR, DIANN
GERLING, RESPONDENTS-RESPONDENTS.
-------------------------------------------------
NEW YORK MILLS UNION FREE SCHOOL DISTRICT,
INTERVENOR-RESPONDENT.

---

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JOHN R. BRENNAN OF
COUNSEL), FOR PETITIONERS-APPELLANTS.

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(BRIAN J. SMITH OF COUNSEL), FOR INTERVENOR-RESPONDENT.

GORMAN, WASZKIEWICZ, GORMAN & SCHMITT, UTICA (WILLIAM P. SCHMITT OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Samuel
D. Hester, J.), entered May 26, 2009 in a proceeding pursuant to RPTL
article 7. The order, inter alia, granted in part the motion of
respondents Town of Whitestown, and its assessor Diann Gerling, to
dismiss the petition.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the motion of
respondents to dismiss the petition insofar as it challenged the
assessed value of the property and granting petitioners' motion for
leave to amend the petition upon condition that the amended petition
is served within 20 days of service of a copy of the order of this
Court with notice of entry and as modified the order is affirmed
without costs, and the matter is remitted to Supreme Court, Oneida
County, for further proceedings in accordance with the following
Memorandum: Petitioners own and operate a senior living facility
located in the Village of Whitestown (Village), which is within
respondent Town of Whitestown (Town) and intervenor New York Mills
Union Free School District (School District). Petitioners commenced
this proceeding pursuant to RPTL article 7 challenging an increase in
the assessed value of their property and a determination that the
property is no longer tax exempt. Supreme Court granted that part of
petitioners' cross motion seeking summary judgment with respect to the

taxable status of their property, and the court remitted the issue to respondents to conduct a hearing on that issue.  We note that petitioners have abandoned any further challenge to the tax status of the property (*see Ciesinski v Town of Aurora*, 292 AD2d 984).  We agree with petitioners, however, that the court erred in granting that part of respondents' motion to dismiss the petition insofar as it challenged the assessed value of the property.  More specifically, we conclude that the court erred in determining that petitioners failed to commence this proceeding in a timely manner, i.e., "within [30] days after the final completion and filing of the assessment roll containing such assessment" (RPTL 702 [2]).

Prior to purchasing the property from the Village in October 2006, petitioners entered into a payment in lieu of taxes (PILOT) agreement with the Village.  Pursuant to the PILOT agreement, the property was exempt from "municipal" and School District taxes and, in lieu of taxes, petitioners agreed to pay to the Village 3% of "Shelter Rents," but not less than $5,000 annually.  On May 1, 2008 respondents sent written notice to petitioners that the assessed value of the property had been increased from $120,000 in 2007 to $2,769,000 in 2008.  At that time, the property was listed as exempt on the Town's tax rolls, as it had been since 2003.  When the new tax roll was filed on July 1, 2008, however, the property was no longer listed as exempt.  Petitioners learned of the change in taxable status of their property on August 14, 2008, when their attorney was so informed by the attorney for the School District.  Respondent Town Assessor thereafter denied petitioners' request to remove the property from the tax rolls, and petitioners commenced this proceeding on September 17, 2008.

The court properly determined that the notice sent to petitioners on May 1, 2008 was sufficient pursuant to RPTL 510 (1).  That statute requires a municipality to provide written notice to a property owner of an increased assessment for real property "not later than [10] days prior to the date for hearing complaints in relation to assessments . . . ."  By neglecting to notify petitioners of the change in the property's taxable status, however, respondents failed to comply with RPTL 510-a, pursuant to which petitioners were entitled to written notice of the change in taxable status.  In the absence of such notice, petitioners had no reason to know that the increased assessment would affect their tax bill.  Because petitioners did not learn of the change in taxable status of their property until mid-August 2008, they did not commence this proceeding to challenge the assessment within 30 days after the filing of the assessment roll on July 1, 2008, as required by RPTL 702 (2).

Although not directly on point, the Court of Appeals' decision in *Matter of Adventist Home v Board of Assessors of Town of Livingston* (83 NY2d 878) is instructive.  In that case, the petitioner taxpayer filed a timely grievance with the respondent Board of Assessors (Board) after the Board determined that the subject property no longer qualified for a charitable exemption (*id.* at 879).  The Board rejected the challenge but failed to notify the petitioner of its decision pursuant to RPTL 525 (4).  Although the tax roll filed in July of the year in question reflected the increased assessment, the petitioner

did not learn of the Board's decision until it received its tax bill in December of that year (*id.*).  The petitioner thereafter commenced a combined hybrid CPLR article 78 proceeding and declaratory judgment action seeking review of the Board's determination to deny the petitioner tax exempt status (*id.*), and the Board moved to dismiss the action/proceeding on statute of limitations grounds.  The Court of Appeals concluded that the four-month statute of limitations pursuant to CPLR 217 (1) did not begin to run until the petitioner received "actual notice" of the Board's determination, i.e., when the petitioner received its tax bill with the increased assessment (*id.* at 880).  The Court stated that, "[t]o hold, as [the Board] urges, that the limitations period commences with publication of the assessment roll--whether or not the taxpayer has been given the required notice--would eviscerate" the notice requirement of RPTL 525 (4) (*id.*).

Here, based on the rationale of *Adventist Home*, we conclude that the 30-day limitations period set forth in RPTL 702 (2) did not commence until petitioners had actual notice that respondents sought to increase the assessed value of the property (*see generally Matter of Sisters of Resurrection v Daby*, 129 Misc 2d 879, 883-884).  Petitioners did not have actual notice of that increase until August 20, 2008, when the Town Assessor formally rejected their request to remove the property from the tax roll as exempt and stated that any further communications should be directed to the Town's attorney.  Thus, this proceeding was timely commenced on September 17, 2008.  Respondents correctly note that RPTL 510 (1) and 510-a (2) each provide that the failure to provide a property owner with proper notice pursuant to the statute "shall not prevent the levy, collection and enforcement of the payment of . . . taxes on such real property."  As the Court of Appeals stated in *Adventist Home* (83 NY2d at 881), however, "the validity of the assessment is not at issue here.  We are concerned only with the timeliness of the proceeding."

We further conclude that the court erred in denying petitioners' motion for leave to amend the petition to include a challenge to the assessment for tax year 2009.  Leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), and we discern no prejudice to respondents from the proposed amendment.

We therefore modify the order by denying that part of respondents' motion to dismiss the petition insofar as it challenged the assessed value of the property and granting petitioners' motion for leave to amend the petition, and we remit the matter to Supreme Court for further proceedings on the petition or amended petition, if applicable.  Finally, we decline to address petitioners' remaining contention that the assessed value of their property should be determined pursuant to the income approach set forth in RPTL 581-a.  That issue should be determined in the first instance by the court upon remittal.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court