## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 26, 2015                    519007

_____

TURTLE ISLAND TRUST et al.,
                    Respondents,

        v                                     MEMORANDUM AND ORDER

COUNTY OF CLINTON et al.,
                    Appellants,
                    et al.,
                    Defendants.

_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

                    _____

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for appellants.

        Murphy Myers, LLP, Orchard Park (Margaret A. Murphy of
counsel), for respondents.

                    _____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Ellis, J.),
entered March 13, 2014 in Clinton County, which denied
defendants' motions to dismiss the complaint.

        Plaintiffs are Turtle Island Trust, an unincorporated
charitable trust, and its trustees.  The Trust was established in
the 1970s to hold land for the purpose of creating a community
for Native Americans who wished to practice a lifestyle in
accordance with their ancestral traditions and to educate the
public about their culture.  Over time, the Trust acquired
numerous parcels by lease or deed, 17 of which are located in the
Town of Altona, Clinton County.  In 2003, defendant Town of

Altona determined that most of the Trust's parcels were taxable, and the Town began to send property tax bills to plaintiffs. Plaintiffs never paid any property taxes, so, in 2008, defendant County of Clinton and its treasurer, defendant Joseph W. Giroux (hereinafter collectively referred to as defendants), filed a petition to foreclose against some of the parcels held by the Trust. County Court (Ryan, J.) eventually granted defendants a default judgment of foreclosure and issued a tax deed giving the County title to those parcels, which deed was duly recorded. Due to plaintiffs' continued nonpayment of taxes on the Trust's parcels, defendants brought two additional foreclosure proceedings and ultimately gained title by tax deed to 14 of the Trust's 17 parcels within the Town.

Plaintiffs admit that they had notice of these proceedings, the last of which concluded in March 2011, but chose not to defend themselves against any of them. In November 2012, plaintiffs commenced this action for declaratory and injunctive relief, challenging (1) the tax assessments, (2) failure to make the parcels tax exempt and (3) the foreclosure of the parcels. Defendants moved to dismiss the complaint based on the statutes of limitations, res judicata and for failure to state a cause of action (see CPLR 3211 [a] [5], [7]). The Town and defendant John Brunell made a similar motion. Supreme Court denied the motions and defendants appeal.[1]

Supreme Court should have dismissed plaintiffs' challenges to the tax assessments. Under RPTL article 7, a property owner claiming to be aggrieved by an assessment of real property on the basis that the assessment is excessive, unequal or unlawful, or that the property is misclassified, may file a petition challenging the assessment, but "such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment" (RPTL 702 [2]; see RPTL 704 [1]; 706 [1]). Where a party is alleging

---

[1]   The Town and Brunell did not appeal or appear on this appeal. Inasmuch as they are nonappealing parties, we cannot grant them any affirmative relief (see Hecht v City of New York, 60 NY2d 57, 60 [1983]).

that the assessment is void – either through a challenge to the methodology of assessment or the jurisdiction of the taxing authority to assess particular property – the party may instead bring a proceeding pursuant to CPLR article 78 or a declaratory judgment action (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204-205 [1991]; Matter of Adams v Schoenstadt, 57 AD3d 1073, 1074 [2008], lv dismissed 12 NY3d 769 [2009]).  Both of those options are governed by a four-month statute of limitations (see Matter of Adventist Home v Board of Assessors of Town of Livingston, 83 NY2d 878, 880 [1994]; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 205; see also CPLR 217).  The Court of Appeals has expressly rejected plaintiffs' argument that, because the property is allegedly mandatorily exempt from taxes, the assessment is illegal and void and may be challenged at any time (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 204).  Plaintiffs concede that they had notice of the Town's determination regarding the taxable status of the parcels, and filed a grievance to administratively challenge the tax bills when the property was first listed as not tax exempt, but they failed to appeal when the Town denied the grievance.  Plaintiffs did not file any further grievances, actions or proceedings until they commenced this action more than a year after the final foreclosure proceeding was concluded.  Accordingly, while an action for declaratory judgment was a proper method, the statute of limitations bars plaintiffs' challenges to their tax assessments (see Matter of Adventist Home v Board of Assessors of Town of Livingston, 83 NY2d at 880).

Plaintiffs contend that, regardless of the statute of limitations, the tax assessments are invalid because the Town failed to provide notice to the Attorney General regarding a change in the tax exempt status of the Trust's property.  As plaintiffs could have raised this argument in the tax foreclosure proceedings, for which they were on notice but failed to appear, the doctrine of collateral estoppel bars plaintiffs from litigating the issue now (see Cafferty v Cahill, 53 AD3d 1007, 1008 [2008], lv dismissed and denied 11 NY3d 861 [2008]; Culver v County of Rensselaer, 139 AD2d 853, 854-855 [1988], lv denied 72 NY2d 807 [1988]).

Plaintiffs also argue that notice to the Attorney General is a condition precedent to initiating a tax foreclosure proceeding. EPTL 8-1.4 (o) does not require that the Attorney General be given notice of a foreclosure proceeding, only of a change in tax exempt status. RPTL 1125 provides the notice requirements for tax foreclosure proceedings. That statute requires notice to "each owner and any other person whose right, title, or interest was a matter of public record" as of a certain date and who will be affected by the proceeding (RPTL 1125 [1] [a]). While the Attorney General has a duty to enforce the rights of beneficiaries of charitable trusts through legal proceedings (see EPTL 8-1.1 [f]), no statutory provision makes him an owner of the parcels at issue or gives him a right, title or interest in the property. Hence, he is not a party who is entitled to notice of tax foreclosure proceedings pursuant to RPTL 1125. In any event, the record establishes that the Attorney General did receive notice of the foreclosure proceedings. Thus, plaintiffs have no cause of action based on defendants' alleged failure to provide notice of the foreclosure proceedings to the Attorney General.

Plaintiffs assert that County Court lacked subject matter jurisdiction to issue tax foreclosure deeds for parcels held by a charitable trust. Like any challenge to a judgment based on the issuing court's lack of subject matter jurisdiction, which relates to whether the court had the authority to ever consider the matter, this argument may be raised at any time and is not subject to any statute of limitations (see Caci v State of New York, 107 AD3d 1121, 1122 [2013]; see also Matter of Hart Family, LLC v Town of Lake George, 110 AD3d 1278, 1280 [2013]). In addition to asserting the statutes of limitations as a defense, however, defendants assert that plaintiffs failed to state a cause of action. On a motion based on this ground, courts must liberally construe the complaint, accept the allegations as true, provide the plaintiffs with the benefit of every favorable inference and determine only whether any cognizable legal theory will support the allegations (see He v Realty USA, 121 AD3d 1336, 1339 [2014]). Documentary evidence and affidavits submitted by defendants generally are not considered on such a motion, unless they conclusively establish that the plaintiffs have no cause of action (see Rovello v Orfino Realty Co., 40 NY2d 633, 636 [1976];

Allen v City of New York, 49 AD3d 1126, 1127 [2008], lv denied 11
NY3d 705 [2008]).  Plaintiffs' claim that County Court lacked
subject matter jurisdiction does not raise any factual questions
but constitutes a question of law in this declaratory judgment
action, such that Supreme Court could have, and this Court can,
render a determination and declare the rights of the parties
without any further proceedings (see Spilka v Town of Inlet, 8
AD3d 812, 813 [2004]).

     Basically, the parties dispute whether provisions of the
RPTL or EPTL pertaining to jurisdiction prevail here.  County
Court is a court of limited jurisdiction, with its authority
defined exclusively by provisions of state law (see NY Const, art
VI, § 11; Judiciary Law § 190; Matter of County of Sullivan
[Congregation Khal Chaside Skwera, Inc.], 86 AD3d 671, 672
[2011]).  Supreme Court and County Court have concurrent
jurisdiction in tax foreclosure proceedings, which vests in
County Court all of the same power and authority that Supreme
Court would have in such a matter (see RPTL 1120 [2]; Judiciary
Law § 190-b [1], [2]).  Plaintiffs acknowledge this authority,
but argue that it is circumscribed in cases dealing with real
property held by a charitable trust, as only Supreme Court (and,
in instances where a charitable trust disposition is contained in
a will, Surrogate's Court) have jurisdiction over dispositions of
property held in trust for religious, charitable, educational or
benevolent purposes (see EPTL 8-1.1 [c] [1]).  The tax
foreclosure provisions are silent regarding charitable trust
property and the EPTL article 8 provisions are silent regarding
tax foreclosures.

     Despite the Legislature having failed to specifically
address the circumstances where a tax foreclosure is sought on
real property held by a charitable trust, we find that County
Court has jurisdiction over all tax foreclosure proceedings,
including under these circumstances.  The purpose of RPTL article
11 is to handle foreclosure of tax liens when owners of real
property fail to pay their taxes, while providing certain
safeguards to the property owners.  The purpose of EPTL 8-1.1 is
to assure that property placed in trust for charitable purposes
is dealt with in accordance with the trust instrument or, in
certain situations, to further the purposes of the trust or

protect its beneficiaries. RPTL 1120 grants broad authority to County Court to handle all tax foreclosure proceedings. The EPTL power over charitable property is more limited. While EPTL 8-1.1 deals with a trust's use of property entrusted to it, it does not necessarily deal with another party's assertion of use or control over such property. For example, a creditor attempting to collect a debt owed by a charitable trust is not strictly bound by that statute. Taken to its logical conclusion, plaintiffs' argument would require small claims or eviction matters concerning charitable trusts or their property to be handled exclusively in Supreme Court, under the assertion that no other court has jurisdiction (except for Surrogate's Court, but only if the charitable trust disposition was made in a will). We do not read EPTL 8-1.1 so broadly. Accordingly, we find that County Court had jurisdiction over the RPTL article 11 proceedings at issue here. As County Court had subject matter jurisdiction, plaintiffs' claims relating to the foreclosures are subject to the applicable statutes of limitations.

The statutes of limitations bar plaintiffs' challenges to the foreclosure proceedings and resulting tax deeds. A motion to reopen a default in a tax foreclosure proceeding "may not be brought later than one month after entry of the judgment" (RPTL 1131). Even where there is no default, no proceeding to set aside any deed issued as part of a tax foreclosure proceeding may be maintained unless it is commenced within two years of the recording of such deed (see RPTL 1137; Matter of City of Hudson, 114 AD3d 1106, 1106-1107 [2014], appeal dismissed 23 NY3d 984 [2014], lv denied 24 NY3d 903 [2014]). Here, in three separate judgments entered in 2009, 2010 and 2011, the County was granted tax foreclosure deeds to various parcels that were held by the Trust. The most recent deed was recorded in March 2011. The deeds entered in 2009 and 2010 were filed more than two years before this action was commenced in November 2012, rendering them precluded by RPTL 1137. Although plaintiffs' claim that the 2011 deed is invalid is not precluded by RPTL 1137, it is precluded by RPTL 1131, as plaintiffs did not timely move to reopen the default judgment and, in any event, never provided a valid excuse for defaulting. Hence, Supreme Court should have granted defendants' motion to dismiss the complaint.

Rose, Egan Jr. and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants County of Clinton and Joseph W. Giroux to dismiss the complaint against them; motion granted, complaint dismissed against said defendants and it is declared that the tax deeds conveying 14 parcels from plaintiff Turtle Island Trust to defendant County of Clinton are valid and the County has clear title to those parcels; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court