Matter of Andrews v Incorporated Vil. of Freeport (2023 NY Slip Op 05727)

Matter of Andrews v Incorporated Vil. of Freeport

2023 NY Slip Op 05727

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04030
 (Index No. 635/20)

[*1]In the Matter of Robert Andrews, appellant,
v
Incorporated Village of Freeport, respondent.

Robert Andrews, Freeport, NY, appellant pro se.

DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78 to vacate a tax lien, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Leonard P. Steinman, J.), dated March 24, 2021. The judgment denied the petition as untimely and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The petitioner is the owner of real property located in the Incorporated Village of Freeport. The water meter at the petitioner's property started showing high water usage sometime after June 4, 2018, which readings the petitioner disputed. The Village commenced a meter investigation in March 2019, and on April 22, 2019, the Village checked the property for leaks and replaced the water meter. The replaced water meter was not tested until February 20, 2020, at which time the Village determined that the meter was accurate.
The Village issued a water bill to the petitioner in September 2019, which included a balance from earlier in the year, prior to the meter replacement. Sometime after December 31, 2019, this amount due was transferred to the petitioner's 2020 tax bill, which was never paid.
On or about October 22, 2020, the Village sent the petitioner a letter indicating that, if his taxes were not paid by November 6, 2020, his property would be part of a tax lien sale that would be held on December 5, 2020. On or about December 3, 2020, the petitioner commenced this proceeding, in effect, pursuant to CPLR article 78 to vacate the tax lien. In a judgment dated March 24, 2021, the Supreme Court denied the petition as untimely and dismissed the proceeding, determining that the Village's determination regarding the petitioner's water charges became final and binding upon the petitioner upon his receipt of the September 2019 water bill. The petitioner appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see id. § 217[1]). "In order for an agency determination to be deemed final and binding, '[first], the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (St. John's Riverside Hosp. v City of Yonkers, 151 [*2]AD3d 786, 788-789, quoting Matter of Best Payphones, Inc. v Department of Info. Tech & Telecom. of City of N.Y., 5 NY3d 30, 34). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683). "[A] determination generally becomes binding when the aggrieved party is notified" (Matter of Reilly v Farley, 120 AD3d 693, 694).
Here, the petitioner seeks an order vacating his tax lien. Accordingly, contrary to the Supreme Court's determination, we conclude that the statute of limitations did not begin to run in this matter upon the petitioner's receipt of the September 2019 water bill, but upon the petitioner's receipt of the 2020 tax bill on which the tax lien is based (see Matter of East Temple of Melchizedek of House of Seltzer v Town Assessor of Town of Huntington, 28 AD3d 662, 663). There is no evidence in the record as to when the petitioner received this tax bill, only that the arrears from the petitioner's water bills were transferred to the petitioner's tax bill sometime after December 31, 2019. Accordingly, the Village has not met its burden of establishing that the petitioner received notice of the final and binding determination more than four months before the proceeding was commenced on December 3, 2020.
Therefore, we reverse the judgment, reinstate the petition, and remit the matter to the Supreme Court, Nassau County, for further proceedings on the petition.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court