Matter of North E. Expansion Dev., Corp. v Assessor, Vil. of Cambridge (2025 NY Slip Op 04209)

Matter of North E. Expansion Dev., Corp. v Assessor, Vil. of Cambridge

2025 NY Slip Op 04209

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CV-24-0560
[*1]In the Matter of North Eastern Expansion Development, Corp., (N.E.E.D.), Appellant,
v
Assessor, Village of Cambridge, et al., Respondents.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Law Office of Roberta Chambers, Middletown (Roberta Chambers of counsel), for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for Assessor, Village of Cambridge and others, respondents.
Guercio & Guercio LLP, Latham (Erin M. O'Grady-Parent of counsel), for Cambridge Central School District, respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Robert Muller, J.), entered January 23, 2024 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
In 2016, petitioner acquired a 122-acre parcel containing 11 buildings located in both the Town and Village of Cambridge, Washington County (hereinafter the property) as a charitable donation. Petitioner intends to convert the property into, among other things, affordable apartments and a shopping center. The property, as of 2022, remained unused while awaiting improvements, other than usage by the Cambridge Racquet Club and the Village, as allowed by petitioner. As relevant here, petitioner is exempt from federal income taxation pursuant to Internal Revenue Code (26 USC) § 501 (c) (3) as it is a public charity. However, for tax years 2017 to 2022, the property was assessed as being fully taxable and, for all of these tax years except 2022, petitioner paid the taxes on the property.
On November 9, 2022, petitioner commenced the present proceeding pursuant to CPLR article 78, seeking reimbursement for taxes paid for tax years 2017 to 2021 and a declaration that petitioner is eligible for a tax exemption pursuant to RPTL 420-a. Respondents Assessor of the Village, Assessor of the Town, Mayor of the Village, Washington County Treasurer, Washington County Real Property Tax Service and Washington County Board of Supervisors (hereinafter the municipal respondents) thereafter moved pre-answer to dismiss the petition asserting that petitioner's claims relating to property taxes assessed were time-barred as the four-month statute of limitations applicable to CPLR article 78 proceedings had passed. Respondent Cambridge Central School District made a separate motion to dismiss based upon petitioner's failure to file a timely notice of claim. Petitioner replied and Supreme Court ultimately found, among other things, that all of petitioner's claims are governed by a four-month statute of limitations, which accrued upon denial of petitioner's application for tax exemption status, and thus were untimely. Petitioner appeals.[FN1]
We affirm. As relevant here, where a property owner is alleging that a tax assessment is void because the property is mandatorily exempt from taxes, the property owner is challenging the "jurisdiction of the taxing authority to assess [the] particular property [and] . . . may . . . bring a proceeding pursuant to CPLR article 78 or a declaratory judgment action. Both of those options are governed by a four-month statute of limitations" (Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [3d Dept 2015] [citations omitted], lv denied 26 NY3d 912 [2015]). To the extent petitioner is arguing on appeal that this proceeding is governed by the six-year statute of limitations as it is seeking a declaratory judgment, declaratory judgment actions are not all "automatically or necessarily" governed by "the six-year catch-all limitation [*2]of CPLR 213 (1)" (Solnick v Whalen, 49 NY2d 224, 229 [1980]). Where, as here, "the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action" (id. at 229-230; accord Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 205 [1991]). As such, Supreme Court correctly determined that this proceeding is governed by the statutorily provided four-month statute of limitations for CPLR article 78 proceedings (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 205; Suffolk Family Equity v County of Nassau, 233 AD2d 436,436 [2d Dept 1996]).[FN2]
Next, we must determine when the four-month statute of limitations accrued. Pursuant to CPLR 217 (1), "[a] petitioner must commence a CPLR article 78 proceeding within four months of receiving notice of a final and binding determination" (Grossbarth v New York State Lawyers' Fund for Client Protection, 231 AD3d 1327, 1330 [3d Dept 2024] [citations omitted]; see Matter of Roach v Cornell Univ., 207 AD3d 931, 932 [3d Dept 2022]). While Supreme Court found that the statute of limitations "expired four months from the date of denial of petitioner's application for an exemption under RPTL 420-a," under the circumstances of this case, we disagree.
As set forth in an affidavit of the Village Assessor proffered by the municipal respondents in support of their motion to dismiss, "[o]n an annual basis, including the year of 2022, January 1st is the [t]ax [s]tatus date, February 1st is the [t]entative [a]ssessment date and April 1st is the [f]inal [a]ssessment [r]oll date." Additionally, as set forth in an affidavit of the Town Assessor, the annual assessment dates for the Town are a valuation date of July 1 of the preceding year, a taxable status date of March 1 of the assessment roll year, a tentative roll date of May 1 of the assessment roll year and a final roll date of July 1 of the assessment roll year. The record on appeal demonstrates that petitioner filed an application for real property tax exemption for tax year 2017 on or about October 31, 2017,[FN3] which was months after both the Village and Town assessment rolls were final. For tax year 2018, a renewal application for real property tax exemption was filed on or about December 11, 2018, also months after the assessment rolls were final. For tax year 2019, an application for real property tax exemption was filed months after the assessment rolls were final, on or about December 31, 2019. On or about February 5, 2020, after the February tentative assessment date for the Village, petitioner filed a "Complaint on Real Property Assessment" claiming that the property should be exempt. On or about February 12, 2020, petitioner filed an application for real property tax exemption[*3]. While it can be assumed that the February 5, 2020 complaint was denied by the Village as the property appeared on the final assessment roll for 2020 and petitioner asserts that taxes were paid for this year, such a denial is not in the record nor does petitioner provide any information regarding this denial. On or about February 10, 2022, petitioner filed a "Complaint on Real Property Assessment for 2021-2022 before the Board of Assessment Review for Cambridge" claiming that the property should be exempt.[FN4] On July 5, 2022, in response to a June 16, 2022 letter from petitioner which is not contained in the record, the Village Assessor informed petitioner that the February 2022 complaint form submitted to the Village was denied by a notice dated March 2, 2022, which was sent to petitioner.
RPTL 420-a (11) sets forth that an "exemption may be granted pursuant to this section upon application by the owner on a form prescribed by the commissioner or any comparable form, which application may be filed with the assessor of the appropriate county, city, town or village on or before the applicable taxable status date" (emphasis added). Based upon this, to comply with the statute, petitioner would have needed to file the exemption applications with the Village on or before January 1 (the taxable status date) of each tax year and with the Town on March 1 (the taxable status date) of each tax year. It is apparent from the record that none of the exemption applications were timely filed. However, CPLR 420-a (11) further states that an "assessor may nevertheless grant the exemption provided the assessor personally inspects the property and certifies in writing that it satisfies all of the requirements for exemption." As such, the Court of Appeals has held that a mandatory property tax exemption pursuant to RPTL 420-a cannot be conditioned upon the filing of an application (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 203). Thus, here, because timely applications for exemption were not filed, the final and binding determination being challenged by petitioner cannot be denial of the applications which came, if at all, months after the property was placed on the final tax assessment rolls. Indeed, the placing of the property on final tax assessment rolls is the action which petitioner seeks to void on the basis that, due to petitioner's tax-exempt status, the taxing authorities have no jurisdiction to assess property taxes on the property (see id.). Accordingly, the accrual date for the statute of limitations is the final assessment roll date for each year (see generally id. at 205). Thus, the statute of limitations has long since expired for tax years 2017, 2018, 2019, 2020 and 2021. As the final assessment roll for the Village was certified on March 31, 2022, and published that same day, and the final assessment roll for the Town was filed and notice given to the public on July 1, 2022, petitioner's commencement of this [*4]proceeding on November 9, 2022 was not within the four-month statute of limitations. In light of this determination, we need not reach petitioner's remaining contentions or respondents' alternative ground for affirmance.
Clark, J.P., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: During the pendency of this appeal, this Court denied a motion by petitioner seeking a stay of respondents' ability to foreclose on the tax liens against the property pending determination of this appeal (see 2024 NY Slip Op 69945[U] [3d Dept 2024]).

Footnote 2: Petitioner's contention that this proceeding is one for money had and received which is governed by a six-year statute of limitations is unpreserved as it was raised for the first time on appeal (see Grossbarth v New York State Lawyers' Fund for Client Protection, 231 AD3d 1327, 1331 [3d Dept 2024]; Matter of Wright v Goord, 262 AD2d 876, 876 [3d Dept 1999]).

Footnote 3: Unless specifically stated otherwise, the record does not demonstrate with which agency this and other applications were filed.

Footnote 4: Unlike the 2020 complaint which appears to have been specifically filed with the Village as the form was denoted as such, the 2021-2022 form did not make such a specification. However, it appears from the record that this complaint and accompanying application was filed with the Village but not the Town as, in an affidavit from the Town Assessor, it was averred that petitioner did not file an application for exemption for tax assessment year 2022.